IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LENOVO (UNITED STATES) INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| UNIVERSAL CONNECTIVITY | ) |
| TECHNOLOGIES INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

Plaintiff Lenovo (United States) Inc. ("Lenovo US") files this Complaint against Defendant Universal Connectivity Technologies Inc. ("UCT") seeking declaratory judgment of non-infringement as to U.S. Patent Nos. 7,154,905 ("the '905 Patent"), 7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), and 9,852,103 ("the '103 Patent") (collectively, the "Patents-in-Suit").  Lenovo US alleges as follows:

### THE PARTIES

1.     Lenovo US is a Delaware corporation with its principal place of business at 8001 Development Drive, Morrisville, North Carolina 27560.  Lenovo US imports into the United States, and sells in the United States, Lenovo-branded consumer electronics devices including laptops, desktop computers, monitors, docking stations, and adaptors.

2.     Upon information and belief, Defendant UCT is a Delaware corporation, with its principal place of business at 1891 Robertson Road, Suite 100, Ottawa, ON K2H 5B7, Canada. Upon information and belief, UCT is a wholly-owned subsidiary of Wi-LAN Technologies Inc.,

which is a wholly-owned subsidiary of Wi-LAN Inc. ("WiLAN") and is a Canadian corporation with a principal place of business at 1891 Robertson Road, Suite 100, Ottawa, ON K2H 5B7.

3. Upon information and belief, UCT may be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4. Upon information and belief, UCT claims to be the assignee and owner of the right, title, and interest in and to the Patents-in-Suit including the right to recover for past, present, and future infringement.

## NATURE OF THE ACTION

5. This is an action arising under the patent laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration judgment of non-infringement of the Patents-in-Suit and for such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. An actual and justiciable controversy exists between Lenovo US and UCT as to the non-infringement of the Patents-in-Suit. This is at least because UCT has initiated a litigation against Lenovo Group Limited ("LGL")—a foreign corporate entity and holding company affiliated with Lenovo US—in the Eastern District of Texas (Case No. 2:23-cv-449-JRG). In that case, UCT has alleged that certain Lenovo US products infringed the Patents-in-Suit. On October 1, 2024, the Eastern District of Texas issued an order compelling LGL to produce documents from

2

Lenovo US and to respond to written discovery based on information in the possession of Lenovo US regarding certain Lenovo US products.

8. This Court has personal jurisdiction over UCT because it is a Delaware corporation and thus resides in this District.

9. Upon information and belief, venue is proper for this proceeding at least under 28 U.S.C. § 1391 because UCT, as a Delaware corporation, resides in this District.

## COUNT I

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,154,905)**

10. Lenovo US incorporates the allegations of each preceding paragraph by reference.

11. U.S. Patent No. 7,154,905 is titled "Method and system for nesting of communications packets." A true and correct copy of the '905 Patent is attached as Exhibit 1.

12. Upon information and belief, UCT purports to own all rights, title, and interest in the '905 Patent, including the right to recover for past, present, and/or future infringement.

13. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and UCT concerning non-infringement of the '905 Patent, at least because of UCT's suit asserting the '905 Patent against Lenovo Group Limited in the Eastern District of Texas and its allegations in that case that Lenovo US's products infringe the '905 Patent. Specifically, UCT alleged "Lenovo products (laptops, desktops, monitors, and docking stations) that support DisplayPort 1.2 or later, such as the Qreator 27 UHD Smart Crystal Sound Wireless Charging Monitor, ThinkCentre M75s Gen 2 Small Form Factor Desktop, ThinkPad USB-C Dock Gen 2 Docking Station, and Legion 7 Gen 6 & 7 Gaming Laptop" "directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '905 Patent."

14. In the Texas litigation, UCT has further alleged that the purported infringement is and has been willful.

15. Lenovo US has not, and does not, infringe any claim of the '905 Patent directly or indirectly, either literally or under the doctrine of equivalents.

16. Lenovo US has not contributed to infringement and is not now contributing to any infringement of the '905 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

17. Lenovo US has not induced others to infringe and is not now inducing others to infringe the '905 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

18. Lenovo US has not willfully infringed, and does not willfully infringe, the '905 Patent.

19. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed, and does not infringe, any claim of the '905 Patent.

## COUNT II

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,187,307)**

20. Lenovo US incorporates the allegations of each preceding paragraph by reference.

21. U.S. Patent No. 7,187,307 is titled "Method and system for encapsulation of multiple levels of communication protocol functionality within line codes." A true and correct copy of the '307 Patent is attached as Exhibit 2.

22. Upon information and belief, UCT purports to own all rights, title, and interest in the '307 Patent, including the right to recover for past, present, and/or future infringement.

23. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and UCT concerning non-infringement of the '307 Patent, at least because of

UCT's suit asserting the '307 Patent against Lenovo Group Limited in the Eastern District of Texas and its allegations in that case that Lenovo US's products infringe the '307 Patent. Specifically, UCT alleged "Lenovo products (laptops, desktops, monitors, and docking stations) that support DisplayPort Version 1.0 or later, such as the Qreator 27 UHD Smart C1ystal Sound Wireless Charging Monitor, ThinkCentre M75s Gen 2 Small Form Factor Desktop, Legion 7 Gen 6 & 7 Gaming Laptop, and ThinkPad USB-C Dock Gen 2 Docking Station" "directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '307 Patent."

24.     In the Texas litigation, UCT has further alleged that the purported infringement is and has been willful.

25.     Lenovo US has not, and does not, infringe any claim of the '307 Patent directly or indirectly, either literally or under the doctrine of equivalents.

26.     Lenovo US has not contributed to infringement and is not now contributing to any infringement of the '307 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

27.     Lenovo US has not induced others to infringe and is not now inducing others to infringe the '307 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

28.     Lenovo US has not willfully infringed, and does not willfully infringe, the '307 Patent.

29.     Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed, and does not infringe, any claim of the '307 Patent.

## COUNT III

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,746,798)**

30.     Lenovo US incorporates the allegations of each preceding paragraph by reference.

31. U.S. Patent No. 7,746,798 is titled "Method and system for integrating packet type information with synchronization symbols." A true and correct copy of the '798 Patent is attached as Exhibit 3.

32. Upon information and belief, UCT purports to own all rights, title, and interest in the '798 Patent, including the right to recover for past, present, and/or future infringement.

33. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and UCT concerning non-infringement of the '798 Patent, at least because of UCT's suit asserting the '798 Patent against Lenovo Group Limited in the Eastern District of Texas and its allegations in that case that Lenovo US's products infringe the '798 Patent. Specifically, UCT alleged "Lenovo products (laptops, desktops, monitors, and docking stations) that support USB 3.0 and later, such as the ThinkVision Ml4t USB-C Mobile Monitor, ThinkStation P620 Workstation, ThinkPad T14 Gen 3 Laptop, and Legion 7 Gen 6 & 7 Gaming Laptop" "directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '798 Patent."

34. In the Texas litigation, UCT has further alleged that the purported infringement is and has been willful.

35. Lenovo US has not, and does not, infringe any claim of the '798 Patent directly or indirectly, either literally or under the doctrine of equivalents.

36. Lenovo US has not contributed to infringement and is not now contributing to any infringement of the '798 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

37. Lenovo US has not induced others to infringe and is not now inducing others to infringe the '798 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

38.     Lenovo US has not willfully infringed, and does not willfully infringe, the '798 Patent.

39.     Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed, and does not infringe, any claim of the '798 Patent.

## COUNT IV

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,232,265)**

40.     Lenovo US incorporates the allegations of each preceding paragraph by reference.

41.     U.S. Patent No. 9,232,265 is titled "Method, apparatus and system for transitioning an audio/video device between a source mode and a sink mode."  A true and correct copy of the '265 Patent is attached as Exhibit 4.

42.     Upon information and belief, UCT purports to own all rights, title, and interest in the '265 Patent, including the right to recover for past, present, and/or future infringement.

43.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and UCT concerning non-infringement of the '265 Patent, at least because of UCT's suit asserting the '265 Patent against Lenovo Group Limited in the Eastern District of Texas and its allegations in that case that Lenovo US's products infringe the '265 Patent.  Specifically, UCT alleged "Lenovo products (laptops, desktops, and monitors) that support USB-C Revision 1.0 or later, such as the ThinkVision M14t USB-C Mobile Monitor, ThinkCentre M75s Gen 2 Small Form Factor Desktop, and the Legion 7 Gen 6 & 7 Gaming Laptop" "directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '265 Patent."

44.     In the Texas litigation, UCT has further alleged that the purported infringement is and has been willful.

45. Lenovo US has not, and does not, infringe any claim of the '265 Patent directly or indirectly, either literally or under the doctrine of equivalents.

46. Lenovo US has not contributed to infringement and is not now contributing to any infringement of the '265 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

47. Lenovo US has not induced others to infringe and is not now inducing others to infringe the '265 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

48. Lenovo US has not willfully infringed, and does not willfully infringe, the '265 Patent.

49. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed, and does not infringe, any claim of the '265 Patent.

## COUNT V

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,680,712)**

50. Lenovo US incorporates the allegations of each preceding paragraph by reference.

51. U.S. Patent No. 8,680,712 is titled "Power delivery over digital interaction interface for video and audio (DiiVA)." A true and correct copy of the '712 Patent is attached as Exhibit 5.

52. Upon information and belief, UCT purports to own all rights, title, and interest in the '712 Patent, including the right to recover for past, present, and/or future infringement.

53. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and UCT concerning non-infringement of the '712 Patent, at least because of UCT's suit asserting the '712 Patent against Lenovo Group Limited in the Eastern District of Texas and its allegations in that case that Lenovo US's products infringe the '712 Patent. Specifically, UCT alleged "Lenovo products (laptops, desktops, monitors, docking stations, and power

adapters) that support USB-C Version 1.0 and later, such as the ThinkVision M14t USB-C Mobile Monitor, ThinkVision P27pz-30 Mini-LED Monitor, ThinkCentre M75s Gen 2 Small Form Factor Desktop, and Legion 7 Gen 6 & 7 Gaming Laptop" "directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '712 Patent."

54. In the Texas litigation, UCT has further alleged that the purported infringement is and has been willful.

55. Lenovo US has not, and does not, infringe any claim of the '712 Patent directly or indirectly, either literally or under the doctrine of equivalents.

56. Lenovo US has not contributed to infringement and is not now contributing to any infringement of the '712 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

57. Lenovo US has not induced others to infringe and is not now inducing others to infringe the '712 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

58. Lenovo US has not willfully infringed, and does not willfully infringe, the '712 Patent.

59. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed, and does not infringe, any claim of the '712 Patent.

### COUNT VI

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,856,520)**

60. Lenovo US incorporates the allegations of each preceding paragraph by reference.

61. U.S. Patent No. 7,856,520 is titled "Control bus for connection of electronic devices." A true and correct copy of the '520 Patent is attached as Exhibit 6.

62.     Upon information and belief, UCT purports to own all rights, title, and interest in the '520 Patent, including the right to recover for past, present, and/or future infringement.

63.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and UCT concerning non-infringement of the '520 Patent, at least because of UCT's suit asserting the '520 Patent against Lenovo Group Limited in the Eastern District of Texas and its allegations in that case that Lenovo US's products infringe the '520 Patent. Specifically, UCT alleged "Lenovo products (laptops, desktops, monitors, docking stations, and USB-C to DP/HDMI adapters) that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later or HDMI Alt Mode for USB-C, such as the ThinkPad T16 Gen 2 (AMD) Laptop and Legion 7 Gen 7 Laptop" "directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '520 Patent."

64.     In the Texas litigation, UCT has further alleged that the purported infringement is and has been willful.

65.     Lenovo US has not, and does not, infringe any claim of the '520 Patent directly or indirectly, either literally or under the doctrine of equivalents.

66.     Lenovo US has not contributed to infringement and is not now contributing to any infringement of the '520 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

67.     Lenovo US has not induced others to infringe and is not now inducing others to infringe the '520 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

68.     Lenovo US has not willfully infringed, and does not willfully infringe, the '520 Patent.

69. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed, and does not infringe, any claim of the '520 Patent.

## COUNT VII

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,921,231)

70. Lenovo US incorporates the allegations of each preceding paragraph by reference.

71. U.S. Patent No. 7,921,231 is titled "Discovery of electronic devices utilizing a control bus."  A true and correct copy of the '231 Patent is attached as Exhibit 7.

72. Upon information and belief, UCT purports to own all rights, title, and interest in the '231 Patent, including the right to recover for past, present, and/or future infringement.

73. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and UCT concerning non-infringement of the '231 Patent, at least because of UCT's suit asserting the '231 Patent against Lenovo Group Limited in the Eastern District of Texas and its allegations in that case that Lenovo US's products infringe the '231 Patent.  Specifically, UCT alleged "Lenovo products (laptops, desktops, and monitors) that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later, such as the ThinkPad T16 Gen 2 (AMD) Laptop, Legion 7 Gen 7 Laptop, and Qreator 27in Monitor" "directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '231 Patent."

74. In the Texas litigation, UCT has further alleged that the purported infringement is and has been willful.

75. Lenovo US has not, and does not, infringe any claim of the '231 Patent directly or indirectly, either literally or under the doctrine of equivalents.

76. Lenovo US has not contributed to infringement and is not now contributing to any infringement of the '231 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

77. Lenovo US has not induced others to infringe and is not now inducing others to infringe the '231 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

78. Lenovo US has not willfully infringed, and does not willfully infringe, the '231 Patent.

79. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed, and does not infringe, any claim of the '231 Patent.

## COUNT VIII

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,852,103)**

80. Lenovo US incorporates the allegations of each preceding paragraph by reference.

81. U.S. Patent No. 9,852,103 is titled "Bidirectional transmission of USB data using audio/video data channel."  A true and correct copy of the '103 Patent is attached as Exhibit 8.

82. Upon information and belief, UCT purports to own all rights, title, and interest in the '103 Patent, including the right to recover for past, present, and/or future infringement.

83. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Lenovo US and UCT concerning non-infringement of the '103 Patent, at least because of UCT's suit asserting the '103 Patent against Lenovo Group Limited in the Eastern District of Texas and its allegations in that case that Lenovo US's products infringe the '103 Patent.  Specifically, UCT alleged "Lenovo products (laptops, desktops, monitors, and docking stations) that support USB 4 Version 1.0 and later, such as the ThinkPad T16 Gen 2 & 3 (AMD) Laptop, ThinkPad Z13,

Lenovo Legion 7 Gen 7 AMD Laptop, and ThinkVision P27pz-30 Mini-LED Monitor" "directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '103 Patent."

84. In the Texas litigation, UCT has further alleged that the purported infringement is and has been willful.

85. Lenovo US has not, and does not, infringe any claim of the '103 Patent directly or indirectly, either literally or under the doctrine of equivalents.

86. Lenovo US has not contributed to infringement and is not now contributing to any infringement of the '103 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

87. Lenovo US has not induced others to infringe and is not now inducing others to infringe the '103 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

88. Lenovo US has not willfully infringed, and does not willfully infringe, the '103 Patent.

89. Under 28 U.S.C. §§ 2201 and 2202, Lenovo US is entitled to a declaratory judgment that it has not infringed, and does not infringe, any claim of the '103 Patent.

## DEMAND FOR JURY TRIAL

Lenovo US respectfully requests a jury trial on all issues and matters triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Lenovo US respectfully prays that the Court enter judgment in its favor and against UCT, as follows:

1. Declaring that Lenovo US does not infringe any claim of any of the Patents-in-Suit under 35 U.S.C. § 271;

13

2. Enjoining UCT and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, from alleging, representing, or otherwise stating that Lenovo US infringes, or induces or contributes to the infringement of any claims of the Patents-in-Suit or from instituting or initiating any action or proceeding alleging infringement of any claims of the Patents-in-Suit against Lenovo US or any of Lenovo US's customers, manufacturers, users, importers, distributors or sellers;

3. Find this to be an exceptional case and award Lenovo US its costs and attorneys' fees under 35 U.S.C. § 285; and

4. Award and grant Lenovo US such other and further relief as the Court deems just and proper under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com

*Attorneys for Plaintiff Lenovo (United States) Inc.*

October 10, 2024