IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LENOVO (UNITED STATES) INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Defendant. | Civil Action No. 24-1126-RGA |

MEMORANDUM OPINION

Jennifer Ying, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; Steven D. Moore, KILPATRICK TOWNSEND & STOCKTON LLP, San Francisco CA; Russell A. Korn, KILPATRICK TOWNSEND & STOCKTON LLP, Atlanta GA; Kasey E. Koballa, KILPATRICK TOWNSEND & STOCKTON LLP, Raleigh, NC,

 Attorneys for Plaintiff.

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington DE; Brett E. Cooper, Seth R. Hasenour, Jonathan Yim, Drew B. Hollander, Ashley M. Ratycz, BC LAW GROUP, P.C., New York, NY,

 Attorneys for Defendant.

September 24, 2025

**ANDREWS, U.S. DISTRICT JUDGE:**

Before me is Universal Connectivity Technologies' ("UCT") Motion to Dismiss (D.I. 9). I have considered the parties' briefing. (D.I. 10, 15, 17, 19). For the following reasons, UCT's Motion to Dismiss (D.I. 9) is GRANTED.

## I. BACKGROUND

On September 28, 2023, UCT sued Lenovo Group Limited ("LGL") in the Eastern District of Texas ("Texas Case") for infringement of U.S. Patent Nos. 7,154,905 ("the '905 Patent"), 7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), and 9,852,103 ("the '103 Patent") (collectively, the "Asserted Patents"). (Texas Case D.I. 1). Over one year later, on October 10, 2024, Lenovo (United States) ("Lenovo US"), a subsidiary of LGL, filed suit in this court against UCT, seeking a declaratory judgment of non-infringement as to the Asserted Patents. (D.I. 1). UCT moved to dismiss the case pursuant to the first-to-file rule. (D.I. 9).

## II. LEGAL STANDARD

In a declaratory action concerning patent rights, Federal Circuit law applies. *See Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005). Under Federal Circuit law, "[t]he 'first-to-file' rule is a doctrine of federal comity… that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.* 681 F.3d 1283, 1299 (Fed. Cir. 2012). The first-to-file rule applies "[w]hen two actions that sufficiently overlap are filed in different federal district courts." *Futurewei Techs., Inc v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). Nevertheless, "the rule is not absolute; exceptions may be made if justified by 'considerations of

judicial and litigant economy, and the just and effective disposition of disputes.'" *Id.* at 708 (citing *Elecs. for Imaging*, 394 F.3d at 1347). "Justification for an exception may be found in 'the convenience and availability of witnesses, [the] absence of jurisdiction over all necessary or desirable parties, ... the possibility of consolidation with related litigation, or considerations relating to the real party in interest.'" *Id.* (citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993)).

### III. DISCUSSION

Two questions lie at the core of this dispute. First, under Federal Circuit law, does the first-to-file rule apply only where the concurrent actions at issue involve identical parties? Second, if the first-to-file rule is applicable to this case, do there exist sufficient countervailing considerations counseling against its applicability here? For reasons laid out below, I find the answers to both questions to be "no."

#### A. The First-To-File Rule Does Not Require Identical Parties

There is no dispute that the patents in question in the Texas Case and the case before me involve the exact same patents and products at issue, nor is there any dispute that the parties in the Texas Case, UCT and LGL, are distinct from the parties in the case before me, Lenovo US and UCT. Therefore, if the first-to-file rule should be applied in such cases where identical patents and products are at issue but where the parties in each suit are distinct, it should also be applied in this case.

Lenovo US contends that the first-to-file rule does not apply because "LGL and Lenovo US are two separate, distinct entities." (D.I. at 9). Lenovo US cites two cases in support: *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 2005 WL 851126 (D. Del. Apr. 13, 2005) and *Kyocera Commc'ns, Inc. v. Potter Voice Techs., LLC*, 2013 WL 2456032 (S.D. Cal. June 5, 2013).

3

Neither of these cases avails Lenovo US, however. *SRI Int'l* was decided on April 13, 2005, several years before the Federal Circuit decided *Merial* and *Futurewei*. *Kyocera* was decided in June 2013, six months before *Futurewei* was decided. Even if *Kyocera* were persuasive as an interpretation of *Merial*, the facts of *Kyocera* are nevertheless readily distinguishable from the facts before me. There, the court declined to dismiss an action filed against a subsidiary in no small part because it was "unclear... whether [the] parent company [would] continue to be involved in the [first] action, raising doubts as to whether the issues presented before this court will be resolved in the [first] action." *Kyocera*, 2013 WL 2456032, at *4. Here, in contrast, there is no dispute that LGL, having filed a motion to dismiss based on a lack of personal jurisdiction that was subsequently denied, will remain a party to the Texas Case. (Texas Case D.I. 18; Texas Case D.I. 47). In response to this denial, LGL filed a writ of mandamus to the Federal Circuit seeking dismissal of the case for want of personal jurisdiction, but this writ was also denied. (D.I. 19).

Regardless, *Futurewei* states that the first-to-file rule applies when "two actions... *sufficiently overlap*." *Futurewei*, 737 F.3d at 708 (emphasis added). As another court noted shortly after the *Futurewei* decision, "district courts confronted with this issue have consistently 'found no requirement that the parties in the concurrent actions be the same in order for the first-to-file rule to apply.'" *Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*, 12 F.Supp.3d 320, 325 (E.D.N.Y. 2014) (citing *Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F.Supp.2d 404, 408 (E.D. Pa. 2008)). I am thus persuaded that the first-to-file rule under Federal Circuit law, which requires merely "sufficient overlap" between the concurrent actions, does not require identity between the parties.

4

Here, both the patents and the products at issue in the Texas Case and the case before me are exactly the same. (Texas Case D.I. 1; D.I. 1). As previously discussed, though not a requirement of the first-to-file rule, LGL, the defendant in the Texas Case, is the parent company of Lenovo US, the plaintiff in this declaratory action case. Taking these considerations together, I find that the actions in the two concurrent cases "sufficiently overlap" and the first-to-file rule applies.

### B. No Countervailing Considerations Counsel Against Application of the First-To-File Rule

Lenovo US argues that I should not dismiss this case pursuant to the first-to-file rule on the grounds that doing so would reward UCT's forum shopping in selecting E.D. Texas as its choice of venue. As support for this argument, Lenovo US points to *Emerson Process Mgmt. LLLP v. Wetro Lan, LLC*, 2015 WL 11438109 (W.D. Tex. Sept. 2, 2015). There, the court denied the defendant's motion to dismiss based on the first-to-file rule in light of Wetro's "peculiar" decision to "sue EPM's parent, a large holding company" in the Eastern District of Texas. *Id.* at *2. In *Emerson*, however, the declaratory action defendant, Wetro, argued that EPM and Emerson Electric Co. (EPM's parent) should be treated as the same entity, but the court noted that Wetro "provid[ed] no evidence in support of that claim other than attorney argument." *Id.* Moreover, the Court found that EPM's principal place of business and many of its witnesses resided in the Western District of Texas. *Id.* at *1. These facts are a far cry from those before this court in the present action. First, the District Court for the Eastern District of Texas has stated that the evidence presented in this case "indicates that there is at least some degree of lack of separateness between LGL and its subsidiaries" and that "LGL uses its multi-level corporate structure [including Lenovo US] to place the accused products into the stream of commerce."

5

(Texas Case D.I. 47 at 7-8). I am therefore not confronted with a case where mere attorney argument establishes the overlap between LGL and Lenovo US. Second, UCT has presented good reasons – none of which Lenovo US contests – that the Eastern District of Texas would be a more convenient forum than the District of Delaware to try the case. (D.I. 10 at 8-9). I therefore cannot agree with Lenovo US's contention that "the same result is warranted here" as in *Wetro*. (D.I. 15 at 13).

In fact, if anything, "considerations of judicial and litigant economy, and the just and effective disposition of disputes" favor a finding of dismissal. *Futurewei at* 737 F.3d 708 (internal quotations and citations omitted). The Texas Case is much more advanced than the case before me and is set to go to trial in early November of this year, less than two months from now. (Texas Case D.I. 145; D.I. 10 at 7). Given the present state of the Texas Case, it would be duplicative and wasteful for the declaratory action to proceed in Delaware.

### C. A Stay Is Not Warranted

The parties have asked that I consider staying rather than dismissing the case. (D.I. 15 at 14-15; D.I. 17 at 10). These requests were predicated on the fact that, when the briefs were filed, the Federal Circuit was still considering LGL's mandamus petition to dismiss the case against it in the Eastern District of Texas for lack of personal jurisdiction. On March 4, 2025, the Federal Circuit issued an order denying LGL's mandamus petition. (D.I. 19). As such, the main reason the parties suggest a stay no longer applies. I will dismiss Lenovo US's complaint pursuant to the first-to-file rule.

### IV. CONCLUSION

An appropriate order will issue.